IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT TASHBOOK, )
)
    Petitioner, )
)
v. ) Case No. CIV-16-37-R
)
JOHN B. FOX, Warden, )
)
    Respondent. )

# REPORT AND RECOMMENDATION

Robert Tashbook, a federal prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1).[1] United States District Judge David L. Russell has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Because Petitioner has failed to allege facts which would entitle him to habeas relief, the petition should be summarily **DISMISSED**.

## I.    SCREENING REQUIREMENT

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that

---

[1] Petitioner is currently in the custody of the Federal Bureau of Prisons and is incarcerated at FCI Coleman-Medium, in Sumterville, Florida. The Court retains subject matter jurisdiction over the petition, because at the time of filing, Mr. Tashbook was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. (ECF No. 1). *See Santillanes v. U.S. Parole Commission*, 754 F.2d 887, 888 (10th Cir. 1985) ("[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

the petitioner is not entitled to relief in the district court." *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Ct.[2]

## II. ANALYSIS

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). To satisfy the "case or controversy requirement," the petitioner must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision. *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). In addition, the Court may only review a habeas petition under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Mr. Tashbook has not alleged that he is being held in violation of the United States Constitution, or any of its laws or treaties. *See* ECF No. 1. Nor has he alleged that he has suffered or is threatened with an actual injury traceable to the Respondent—the warden at the Federal Transfer Center where Petitioner was temporarily detained. The only harm he has alleged is that he "has been beaten/threatened at about twenty (20) different facilities during his incarceration." (ECF No. 1:3). The Federal Transfer Center was not identified as one of the alleged facilities. And in his petition, he expresses concern for his safety in the future if he is transferred to "USP #2-Coleman. But a "threatened injury must be 'certainly impending'

---

[2] "The district court may apply any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Ct.

to constitute injury in fact." See Whitmore v. Arkansas, 495 U.S. 149, 158 (1990). Here, Petitioner has not alleged that a transfer to USP #2-Coleman is imminent, nor has he specifically alleged how is he likely to be harmed—only that he "would NOT be safe."[3] (ECF No. 1:2) (emphasis in original). Accordingly, there is no "case or controversy" for judicial review. Because he has failed to allege facts which would entitle him to relief, the habeas petition should be summarily dismissed.

## III. RECOMMENDATION

It is recommended that Mr. Tashbook's Petition for Writ of Habeas Corpus be **SUMMARILY DISMISSED**. With the dismissal, Mr. Tashbook's "Request for Order or Protection" **(ECF No. 11)** should be stricken as moot.

## IV. NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 25, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[3] See ECF No. 1:1 ("It is this designation/transfer [to USP #2-Coleman] that concerns him and his petition.") During the pendency of this action, it appears that Mr. Tashbook was transferred to USP #2-Coleman for a period of approximately two weeks before being transferred to FCI Coleman-Medium. (ECF No. 7 & 11). Although the possibility of re-incarceration at USP #2-Coleman still exists, he has made no allegation that such transfer is imminent.

## V. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on March 8, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE