IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT TASHBOOK,            )
                            )
    Petitioner,             )
                            )
v.                          )   Case No. CIV-16-37-R
                            )
JOHN B. FOX, Warden,        )
                            )
    Respondent.             )

## ORDER

Before this Court is the Report and Recommendation of Magistrate Judge Shon T. Erwin, recommending that Petitioner Robert Tashbook's Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed. Doc. No. 16. Petitioner objects. Doc. Nos. 17, 19. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.[1] As set forth below, the Court AFFIRMS the decision of the Magistrate Judge, but on different grounds.

**I.    Background**

Petitioner filed the instant action after learning that he has been designated to United States Penitentiary #2-Coleman, Florida ("USP #2-Coleman"). Petitioner alleges that a transfer to this facility is a threat to his personal safety and violated 18 U.S.C. § 3621(b)(3). Doc. Nos. 1, at 1-3; 17, at 2. He seeks transfer to another facility where he

---

[1] The Court construes the petition liberally in light of Petitioner's *pro se* status. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall,* 935 F.2d at 1110.

1

will remain safely in general population or, in the alternative, "to a parole-like setting." Doc. No. 1, at 3.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge concluded that Petitioner failed to satisfy Article III's "case or controversy" requirement. Doc. No. 16, at 2-3. As discussed below, the undersigned disagrees with the Magistrate Judge's conclusion.

The Magistrate Judge found that Petitioner had not alleged "that he has suffered or is threatened with an actual injury traceable to the Respondent – the warden at the Federal Transfer Center where Petitioner was temporarily detained." The undersigned disagrees. In a habeas corpus action, the proper respondent is the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); 28 U.S.C. § 2242. At the time he filed his petition, Petitioner alleges he was incarcerated at the Federal Transfer Center in Oklahoma City where Respondent Fox was the Warden. Doc. No. 1. The Magistrate Judge also found that Petitioner's concerns regarding a transfer to USP #2-Coleman were not "certainly impending" or "imminent." However, Petitioner alleged that he had been designated to USP #2-Coleman. This designation is sufficient for the purposes of imminence.

In addition to his conclusion regarding Article III jurisdiction, the Magistrate Judge found that Petitioner did not allege he was being held in violation of the United States Constitution or any of its laws or treaties. Doc. No. 16. The Court understands this conclusion to relate to whether Petitioner's claims are properly brought as a habeas corpus proceeding, which is discussed further below.

2

**III.     Petitioner's Claims Are Not Proper Under Section 2241**

The undersigned agrees that Petitioner's Section 2241 petition must be denied. "Habeas corpus review is available under § 2241 if an individual is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (quoting 28 U.S.C. § 2241(c)(3)). In the Tenth Circuit, habeas petitions are limited to challenges to the fact and duration of confinement which seek immediate release or a shortened period of confinement. *Palma–Salazar* 677 F.3d at 1035; *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Petitioner's challenge to his designated facility, i.e., the place of his confinement, does not fit within this limitation. Rather, this is a challenge to the conditions of his confinement. The Tenth Circuit requires such claims to be brought as a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 (1971) or 28 U.S.C § 1331. *See Palma–Salazar*, 677 F.3d at 1033 ("Because he seeks a change in the place of his confinement, which is properly construed as a challenge to the conditions of his confinement, [petitioner's] claims must be brought pursuant to *Bivens*"); *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) ("request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens . . .* "); *Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231, 1236 (10th Cir.2005) (28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement); *Arocho v. Nafziger,* 367 F. App'x 942, 946

3

n. 3 (10th Cir. 2010) ("*Bivens* suits are limited to damages, but equitable relief is available in the nature of injunction and/or mandamus under 28 U.S.C. §§ 1331 and/or 1361") (citing *Simmat*, 413 F.3d at 1236.).

Petitioner's Objections (Doc. Nos. 17, 19) to the Report and Recommendation supports the Court's conclusion.[2] Petitioner argues that the decision to transfer him to USP #2-Coleman was done in violation of § 3621(b); that given this designation, the transfer and resulting harm were imminent; that Warden Fox could have prevented the transfer; and that he intends to call witnesses to demonstrate transfer to USP #2-Coleman was improper. Doc. Nos. 17, 19. These arguments support the Court's conclusion that Petitioner's Section 2241 claim is properly construed as a challenge to the place of, and therefore the conditions of, his confinement. Accordingly, Petitioner's challenge must be brought pursuant to *Bivens* or 28 U.S.C. § 1331.[3]

## IV. Petitioner's Request for Transfer to a "Parole-Like" Setting or "Quantum Change" in Custody

As an alternative ground of relief, Petitioner seeks transfer to a "parole-like setting," and, for the first time in his Objections, for a "quantum change in his custody." Doc. Nos. 1 at 3; 17 at 5. A "quantum change in custody" refers to a change in the level of freedom available to the inmate:

> . . . the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run

---

[2] Petitioner filed two Objections, one designated a "draft" (Doc. No. 17) and a subsequent objection incorporating by reference and supplementing the "draft" Objection (Doc. No. 19). The Court has considered both Objections.

[3] The Court does not express an opinion of the merits of such a claim.

of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation . . .

*Graham v. Broglin*, 922 F.3d 379, 381 (7th Cir. 1991); *Palma-Salazar*, 677 F.3d at 1037 n. 2 (quoting *id.*); *Porter v. Denham*, 2015 WL 3961086, at *3 (D. Colo. June 29, 2015) (describing a "quantum change" as a change in the level of freedom). Some circuits have found that a petition requesting a quantum change in custody is cognizable as a habeas petition. *See, e.g.*, *Graham*, 922 F.3d at 381. Although the Tenth Circuit has not explicitly adopted this concept, it has suggested that such requests could be cognizable under Section 2241. *See Boutwell v. Keating*, 399 F.3d 1203, 1208-10 (10th Cir. 2005) (challenge to denial in state pre-parole conditional supervision program should proceed under habeas); *Palma-Salazar*, 677 F.3d at 1037 n. 2 ("This court's precedents, including *Boutwell*, indicate the types of claims cognizable under § 2241 are those in which an individual seeks . . . placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether"); *see also Porter*, 2015 WL 3961086, at *4 (noting the Tenth Circuit has neither accepted nor rejected the concept that request for quantum change is cognizable under Section 2241).

However, under the circumstances, the Court does not construe these requests to constitute a challenge to the fact or duration of Petitioner's confinement. At bottom, Petitioner challenges his designation to USP #2-Coleman for safety reasons. Doc. No. 1, at 1 ("Mr. Tashbook was notified . . . he will be transferred to USP #2- Coleman, FL. It is this designation/transfer that concerns him and this petition"). Petitioner does not claim

entitlement to a "parole-like setting" or a "quantum change" in custody, but instead presents them as solutions to the allegedly improper conditions of his confinement.

Nevertheless, to the extent that Petitioner's request for transfer or release into a "parole-like" setting or for a "quantum change" in custody could be construed as a challenge to the fact or duration of his confinement, his petition is still subject to dismissal.[4] Though not clear, it appears Petitioner's request for a "parole-like setting" or a "quantum change" in custody refers to placement into pre-release community confinement (such as in a Residential Reentry Center or Community Correction Center[5]). The propriety of such placement is governed in tandem by 18 U.S.C. §§ 3621(b) and 3624(c)[6] and guided by memoranda issued by the Bureau of Prisons ("BOP") on April 14, 2008, November 14, 2008, and June 24, 2010. This authority requires that prison officials consider Section 3621(b) factors when determining if pre-release inmates[7] are appropriate for pre-release community confinement and reviewing requests for transfers

---

[4] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . " Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005) (same) (citing *id.*); *Boutwell*, 399 F.3d at 1210 n.2 (same).

[5] Both terms describe "residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential re-entry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours." 28 C.F.R § 570.20(a); *see also Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010) (quoting *id.*).

[6] As relevant here, Section 3624(c) provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1).

[7] Pre-release inmates are those inmates close to their projected release date. The BOP requires prison officials to consider whether a pre-release inmate is eligible for pre-release community confinement within seventeen to nineteen months of their projected release date. *See* Memorandum from Federal Bureau of Prisons to Chief Executive Officers (April 14, 2008).

to pre-release community confinement from non-prerelease inmates. *See Garza v. Davis*, 596 F.3d. 1198, 1202-03 (10th Cir. 2010) (discussing the statutory framework). Petitioner makes no allegation that he is a pre-release inmate (nor could he, as his projected release date is January 21, 2054 according to the BOP website)[8], nor that he made a request for transfer to pre-release community confinement that was not given due consideration.[9] Accordingly, on the facts before this Court, such a claim is not cognizable.[10]

## V. Request for Order or Protection

In light of his recommendation that the Petition be dismissed, the Magistrate Judge recommended that Petitioner's Request for Order or Protection ("Request") be stricken as moot. Petitioner objects, citing cases discussing whether voluntary cessation of certain conduct moots a case. These cases are inapposite, because the Magistrate Judge recommended denying the Request on mootness grounds based on the closure of the case, not on the voluntary cessation of any conduct. The Court agrees with the recommendation. Accordingly the Request is **DENIED** as moot.

---

[8] The Court may take judicial notice of the BOP's website. *See* Fed. R. Evid. P. 201; *Triplet v. Franklin,* 365 F. App'x. 86, 92 n.8 (10th Cir. Feb. 5, 2010) (citing Rule 201, taking judicial notice of Oklahoma Department of Corrections' website); *Cantrell v. Rhodes*, 2014 WL 6755971 (D. Colo. Dec. 1, 2014) (citing *Triplet*, taking judicial notice of BOP website.)

[9] Additionally, there is no allegation that Petitioner exhausted his administrative remedies or that exhaustion would be futile with respect to a request for a pre-release transfer to community confinement. *See Garza*, 596 F.3d at 1205 (administrative remedy process a perquisite to filing a habeas petition).

[10] To the extent Petitioner's request for a quantum change in his Objections refers to a transfer to a lower-security prison, he has not alleged sufficient facts to demonstrate such a transfer is anything more than a "garden variety prison placement," and therefore not proper as a habeas action. *See Palma-Salazar*, 677 F.3d at 1037; *Porter*, 2015 WL 3961086, at *4.

## VI. Conclusion

Accordingly, the Petition (Doc. No. 1) is **DISMISSED** without prejudice and Petitioner's "Request for Order or Protection" (Doc. No. 11) is **DENIED** as moot.[11]

IT IS SO ORDERED, this 5th day of May, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[11] The Court declines to *sua sponte* recharacterize Petitioner's allegations as a *Bivens* or Section 1331 action. "[E]ven fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization." *Castro v. United States,* 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring); *see also Richards v. Bellmon*, 941 F.3d 1015, 1018 n. 3 (10th Cir. 1991) (recharacterization "borders on advocacy and could interfere with a possible tactical choice by the plaintiff"); *Garcia v. Scibana*, 2006 WL 2811901, at *1 (W.D. Okla. Sept. 28, 2006) (Friot, J., adopting Report and Recommendation of then Magistrate Judge Bacharach declining to recharacterize Section 2241 Petition as a *Bivens* action). For example, if the Court were to recharacterize this action, Petitioner would be required to pay an additional filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1); LCvR 3.2; For this reason, the Court leaves the decision to Petitioner to determine whether to pursue relief in a civil rights action.