# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT TASHBOOK, | ) |
|     Petitioner, | ) |
| v. | )    Case No. CIV-16-37-R |
| JOHN B. FOX, Warden, | ) |
|     Respondent. | ) |

## ORDER

Before the Court is Petitioner Robert Tashbook's "Notice of Error in Docket 20 Order re: Jurisdiction to Refile as Bivens/§ 1331," submitting that the Court made an error in its May 5, 2016 Order dismissing Mr. Tashbook's petition under 28 U.S.C. § 2241. The Court dismissed the Petition because Mr. Tashbook was not challenging the fact or duration of his confinement as required under Section 2241. Doc. No. 20. Rather, construing Mr. Tashbook's *pro se* pleading liberally, the Court understood Mr. Tashbook's challenges to be to the place of his confinement. *Id.* The Court explained such challenges are properly brought as an action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 (1971) or 28 U.S.C § 1331. *Id.*

In his Notice, which the Court construes as a motion to reconsider,[1] Petitioner submits that he does not believe he can bring a *Bivens* action and asks the Court to opine whether jurisdiction would exist if he were to bring such a claim. *Id.* However, as a court

---

[1] The Court acknowledges that Mr. Tashbook indicates he may file a separate motion for reconsideration.

of limited jurisdiction, this Court may not render advisory opinions. *United States v. Burlington N. R. Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (citations and quotations omitted) ("[i]t is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies").

In the event the Court decides it would not have jurisdiction over a *Bivens* action (an issue on which, as explained above, the Court cannot opine), Petitioner asks the Court to consider its May 5, 2016 Order "and grant all equitable relief." However, Petitioner has not provided any basis for the Court to reconsider its Order. The Court based its decision on the fact that Petitioner challenged the place of his confinement, not its fact or duration. Petitioner does not suggest this conclusion was in error and also acknowledges that, to the extent the Court construed his original Petition as a request "not to be housed at USP #2 Coleman and to be formally redesignated to another prison," that request has been granted and is now moot. Doc. No. 22, at 2.

Accordingly, Mr. Tashbook's Notice (Doc. No. 22) is DENIED.

IT IS SO ORDERED this 6th day of June, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE