# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT TASHBOOK, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-16-37-R |
| | ) |
| JOHN B. FOX, Warden, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Before the Court are Petitioner's Motion for Reconsideration (Doc. No. 25), Motion for of Filing Fees (Doc. No. 26) and Motion for Order to Produce Documents and Docket Sheet (Doc. No. 27). The Court finds as follows.

## I.    Motion for Reconsideration

### A.    Background

This Court previously dismissed Petitioner's petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 because it lacked jurisdiction over his petition. After learning that he had been designated to United States Penitentiary #2-Coleman, Florida ("USP #2-Coleman"), petitioner filed this habeas action. Petitioner alleged that he was not safe at USP #2-Coleman, and the assignment violated 18 U.S.C. § 3621(b)(3).[1] Doc. Nos. 1, at 1-3; 17, at 2. Petitioner specified that it was "**this designation/transfer that**

---

[1] The provision states that "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-- . . . (3) the history and characteristics of the prisoner." 18 U.S.C. § 3621(b)(3).

**concerns him and this petition."** *Id.* (emphasis added). Petitioner sought relief from the Court to re-designate him away from USP #2-Coleman, to a prison "facility where he will be able to remain safely (for his entire term) in General Population." *Id.* at 3. Alternatively, he asked for a transfer to a "parole-like setting." *Id.*

Construing Petitioner's *pro se* filings liberally, the undersigned understood Petitioner to be challenging his designation to USP #2-Coleman, and asking to be transferred to another prison where he could be safe in the general population or, if that was not possible, to a parole-like setting. Doc. No. 20. In other words, Petitioner requested a change to his place of confinement. *Id.* In the Tenth Circuit, such a request constitutes a challenge to the conditions of confinement, which cannot be brought as a habeas action under § 2241, but must be brought either as a *Bivens* action or pursuant to 28 U.S.C. § 1331. *Id.* (citing *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012), 677 F.3d at 1033 ("Because he seeks a change in the place of his confinement, which is properly construed as a challenge to the conditions of his confinement, [petitioner's] claims must be brought pursuant to *Bivens*")).

B.   **Petitioner's Motion for Reconsideration**

In his current motion for reconsideration, Petitioner advances three arguments: first, to the extent the Court construed his petition as a request for re-designation away from USP #2-Coleman, his petition is moot. In the event the Court understood his petition to go beyond this request, Petitioner advances two alternative arguments. First, he argues that his claim that the BOP violated § 3621(b) when designating him to USP #2-Coleman is properly brought as a habeas petition. Second, he argues that in any

event, he has been seeking a quantum change in custody (potentially cognizable as a habeas action) all along. Although the Court will vacate its prior order and judgment as moot based on Petitioner's first argument, it will also discuss his alternative arguments.

**C. Analysis**

*1.  Whether the Petition is Moot*

Petitioner asserts that if the Court believes his sole "viable" claim is to be re-designated away from USP #2-Coleman, then "he has received all possible relief; the BOP has already moved him and the re-designation process is well underway." Doc. No. 25, at 2.[2] In light of these developments, Petitioner submits that the Court should either vacate its prior judgment as moot, as the Tenth Circuit did in *Boyce v. Ashcroft*, 268 F.3d 953 (10th Cir. 2001), or leave the matter "open," as the Eleventh Circuit did in *Doe v. Wooten*, 747 F.3d 1317 (11th Cir. 2014).

Although the Court does not opine as to the viability of Petitioner's claim, it does understand his petition to seek re-designation away from USP #2-Coleman. Accordingly, it turns to the merits of Petitioner's assertion.

In *Boyce*, the Tenth Circuit upheld the district court's dismissal of the prisoner's habeas petition for lack of jurisdiction where, as here, the petitioner sought a transfer within the federal prison system. *Boyce v. Ashcroft*, 251 F.3d 911, 918 (10th Cir. 2001) ("*Boyce I*"), vacated as moot by 268 F.3d 953 (10th Cir. 2001) ("*Boyce II*"). The prisoner was subsequently transferred to another prison and he moved for rehearing. *Boyce II*, 268

---

[2] Petitioner also asserts that these developments render him a prevailing party entitled to costs under Local Rule 54. As discussed later in this opinion, if Petitioner wishes to seek costs under this Rule, he must submit a bill of costs as required by the Rule. LcvR 54.1.

3

F.3d at 954. Upon rehearing, the Tenth Circuit found the prisoner's petition was "unquestionably moot" and vacated its prior order. *Id.* at 955. In turn, the Tenth Circuit ordered that the district court also vacate its judgment and dismiss the case as moot. *Id.*

The plaintiff in *Doe* filed a *Bivens* action seeking injunctive relief to prevent his placement in or transfer through the federal prison in Atlanta. 747 F.3d 1317, 1321 (11th Cir. 2014); *see also* Petition, *Doe v. Wooten*, 1:07-cv-02764-RWS (N.D. Ga. Nov. 7, 2007), ECF No. 1. *Doe*, 747 F.3d at 1321. He also sought an injunction removing him from a high-security BOP facility and placing him in a medium-security BOP facility, a state prison facility, or in a BOP witness protection program. *Id.* The BOP moved to dismiss, arguing that plaintiff Doe had been transferred to Colorado and his file included a note prohibiting his transfer or assignment to the Atlanta federal facility. *Id.* Plaintiff Doe opposed the motion arguing that the BOP failed to show he would not be returned to a high-security prison. *Id.* The district court found that because the BOP had voluntarily ceased the objectionable behavior, it enjoyed a rebuttable presumption that it will not recur. *Id.* Plaintiff Doe, the district court concluded, failed to overcome that presumption by showing a "substantial likelihood" that he would be returned to a high-security facility. *Id.* The Tenth Circuit reversed because the district court did not apply the appropriate legal standard and the BOP had not shown that it had unambiguously terminated its practice of placing Doe in a high-security prison. *Id.* at 1323-24.

Under the circumstances, the undersigned believes it appropriate to vacate its prior ruling and dismiss the petition as moot, following the Tenth Circuit's decision in *Boyce II*. First, like the petitioner in *Boyce II*, Petitioner Tashbook represents to the Court that

4

"he has received all possible relief; the BOP has already moved him and the re-designation process is well underway." Doc. No. 25, at 2.[3] In contrast, the plaintiff in *Doe* argued that he had not received all possible relief and that his claim was not moot. Second, even if the Court were to find that Petitioner Tashbook's claims were not moot, it could not vacate its prior order and judgment to reopen the case, because, as discussed before, the Court lacks jurisdiction to consider his petition under § 2241. *See* Doc. No. 20. Notably, this was not an issue before the Court in *Doe*, which was a *Bivens* action, not a habeas action.

        2.     *Whether Petitioner May Challenge His Place of Confinement Under § 2241*

Alternatively, Petitioner disagrees with the Court's characterization of his claim as a challenge to the conditions of his confinement. The Court understands Petitioner's argument to be that because he claims that the BOP failed to adhere to § 3621(b)(3) when designating him to USP #2-Coleman, he is challenging the place of his confinement, not the conditions of his confinement. Doc. No. 25, at 3-5. A challenge to the place of confinement, he argues, is properly brought as a habeas claim. *Id.*

Petitioner is mistaken. As this Court explained in its prior order, the Tenth Circuit has recognized that a federal inmate's challenge to his placement in the federal prison system is a challenge to the conditions of confinement. *See* Doc. No. 20, at 3-4; *see also*

---

[3] In his draft Objection to the Magistrate Judge's Report and Recommendation, Petitioner submitted that even if the BOP stated that Petitioner would never be returned to USP #2-Coleman, his case would not be moot because Petitioner lacked faith that the BOP would place him in a safe prison pursuant to the § 3621(b)'s factors without the Court's oversight. Doc. No. 17. Petitioner's current position in his Motion for Reconsideration appears to depart from this position. In any event, as discussed later in this Order, such an argument would also be a challenge to the place of his confinement and therefore not proper under § 2241.

*Palma–Salazar*, 677 F.3d at 1033 ("Because he seeks a change in the place of his confinement, which is properly construed as a challenge to the conditions of his confinement, [petitioner's] claims must be brought pursuant to *Bivens*"); *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) ("request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to *Bivens* . . . "); *Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231, 1236 (10th Cir.2005) (28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement); *Arocho v. Nafziger,* 367 F. App'x 942, 946 n. 3 (10th Cir. 2010) ("*Bivens* suits are limited to damages, but equitable relief is available in the nature of injunction and/or mandamus under 28 U.S.C. §§ 1331 and/or 1361") (citing *Simmat*, 413 F.3d at 1236.).

The cases that Petitioner cites do not compel a different result. In support of his position, Petitioner cites *In re Bonner*, 151 U.S. 242 (1894), *Preiser v. Rodriguez,* 411 U.S. 475 (1973), *Miller v. Overholser*, 206 F.2d 415, (D.C. Cir. 1953), and *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). These cases, however, are distinguishable, as none involved a federal prisoner's challenge to his confinement within the federal system. *Bonner* involved the legality of a federal inmate's designation to a state-run facility; *Preiser* involved the deprivation of a petitioner's good-time credits; *Miller* involved the propriety of a federal defendant's[4] placement in a hospital ward for the criminally insane; and *Montez* involved the propriety of a federal prisoner's placement in

---
[4] The petitioner was indicted but not convicted during the relevant period. *Miller*, 206 F.2d at 417.

a private facility in a state other than where he was convicted. *In re Bonner*, 151 U.S. 242, *Preiser*, 411 U.S. 475; *Miller*, 206 F.2d 415; *Montez*, 208 F.3d 862. While both *Bonner* and *Montez* involved a prisoner's challenge to the place of his confinement, the central issue was whether a state had the authority to imprison the petitioner in another state. That issue, the Tenth Circuit recognized, is distinct from a federal prisoner challenging his confinement within the federal system:

> As we stated in *Boyce,* Montez challenged "a state's authority to imprison [him] in another state." *Boyce,* 251 F.3d at 918, *vacated as moot,* 268 F.3d 953 (10th Cir. 2001). Thus, we reasoned, his claim was "properly raised under Section 2241 because [he] challenged the *fact or duration of custody in a particular state.*" *Id.* We find this reasoning persuasive, and therefore, adopt it. [Petitioner] does not challenge the underlying authority of the BOP to hold him in custody. He merely challenges his placement within the federal prison system. Thus, *Montez* is distinguishable.

*Palma-Salazar*, 677 F.3d at 1036 (third alteration added).

Accordingly, even if this Court were to consider Petitioner's first alternative argument, it would be an insufficient basis to overturn its prior order.

       *3.      Whether Petitioner Seeks Quantum Change in Custody*

Petitioner next argues that his claim is proper under § 2241 because his petition has always sought a quantum change in custody. A prisoner seeking a certain type of quantum change in custody, this Court has explained in its prior order, may be able to do so through a habeas proceeding. Doc. No. 20, at 4-5 (citing to decisions involving requests for pre-parole programs or parole-like settings). However, the undersigned cautioned that while certain types of quantum changes may be appropriate in a habeas

7

action, the Tenth Circuit had not explicitly ruled on the issue. *Id.* By way of definition, this Court's order cited the Seventh Circuit's decision in *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991), to explain that a quantum change in custody refers to:

> . . . the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation . . .

Doc. No. 20, at 5 (quoting *Graham*, 922 F.3d at 381).

Petitioner now contends that his petition seeks a transfer out of administrative segregation and it therefore seeks a quantum change in custody which is appropriately brought as a habeas petition. Specifically, Petitioner contends that because the BOP has failed to follow § 3621(b) in designating his facility, he continuously has been placed in prisons that are unsafe for him. For his safety, he has been placed in administrative segregation. If the Court grants his petition and he is designated to a proper prison, Petitioner argues, he will no longer be in administrative segregation and can live freely in the general population. Thus, because granting his petition effectively would result in a move from administrative segregation to the general prison population, Petitioner argues, it requests a quantum change in custody and is therefore proper under § 2241.

There are two problems with this argument. First, although the Court has endeavored to construe each of Petitioner's filings liberally, he has not previously made

8

this argument.[5] Accordingly, he has waived it. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059-60 (10th Cir. 1996).

More fundamentally, Petitioner's argument fails on its merits because the Tenth Circuit has held that a challenge to administrative segregation is a challenge to the condition of confinement, and not the proper subject of a habeas petition. *Boyce I*, 251 F.3d at 914 ("[p]risoners who raise constitutional challenges to . . . transfers to administrative segregation . . . *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*");[6] *see also Dawson v. Scibana*, 2006 WL 3097173, at *2 (W.D. Okla. Oct. 31, 2006) (challenge to decision to place prisoner in the Special Housing Unit was not cognizable in habeas proceeding) (quoting *id.*). As discussed at length in this Court's previous ruling, a challenge to the conditions of confinement is not properly brought as a habeas claim. Doc. No. 20. Accordingly, even if this Court were to consider Petitioner's second alternative argument, it would be an insufficient basis to overturn its prior order.

---

[5] Petitioner sought transfer to a "parole-like" setting and then a "quantum change in his custody, in his Petition and Objection to the Magistrate Judge's Report and Recommendation, respectively. Doc. Nos. 1 at 3; 17 at 5. Though it was not clear what Petitioner sought in these requests, the Court liberally construed the filings and understood this to be a request for placement into pre-release confinement. Doc. No. 20, at 5. Petitioner now disputes this interpretation and appears to urge that he was referring to his placement in administrative segregation. But this argument was not apparent under even the most liberal construction of Petitioner's previous arguments.

[6] Although, as Petitioner notes and discussed in this Order, *Boyce I* was vacated on mootness grounds by *Boyce II*, the Tenth Circuit has specifically adopted the reasoning in *Boyce I*. *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) ("Although *Boyce* was vacated as moot on rehearing, we are persuaded by its reasoning"); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1036 (10th Cir. 2012) ("Further, while we are not bound by our decision in *Boyce,* which was vacated as moot, the reasoning in *Boyce* was specifically adopted in *Garcia,* which is binding precedent.")

### III. Petitioner's Motion to Recover Filing Fee

Petitioner also asserts that because he received "all possible relief" under his petition, he is the prevailing party entitled to costs under LcvR 54.1 and moves to recover his $5.00 filing fee. Doc. No. 26. To recover costs, Petitioner must file a bill of costs on the appropriate form. LcvR 54.1. Because Petitioner has not done so, the Court denies his motion. In so doing, the Court does not opine whether Petitioner would be considered a "prevailing party," nor whether costs would be awarded in response to the bill of costs. A copy of the form is attached as Exhibit 1 to this Order.

### IV. Petitioner's Motion for a Docket Sheet

Finally, Petitioner has requested an order for a docket sheet in this case. Doc. No. 27. The Clerk of Court is hereby directed send Petitioner a copy of the docket sheet along with this Order. Accordingly, this motion is GRANTED as consistent with this Order.

### III. Conclusion

In accordance with the foregoing, the Court GRANTS the Motion for Reconsideration as set forth above and VACATES its prior order and judgment, Doc. Nos. 20 and 21 and dismisses Plaintiff's petition as MOOT. The Court also DENIES Plaintiff's Motion for Return of Filing Fees (Doc. No. 26) and GRANTS Motion for Order to produce documents and docket sheet (Doc. No. 27).

IT IS SO ORDERED this 7th day of July, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE